The opinion of the court was delivered by
Watkins, J.
'This is an application for a writ of certiorari for the purpose of testing the legality of the respondent’s order, annulling and setting aside an inventory taken in the succession of Mrs. Sophia A. Knapp.
Relator avers that he was duly qualified as the testamentary executor of the will of Mrs. Sophia A. Knapp; and, having caused her will to be probated and procured letters testamentary, he caused an inventory to be made of the property of the testatrix, filed it in court, and petitioned for its homologation, and for the sale of movables sufficient to pay privileged debts. That three days afterward the respondenc entered upon the petition which accompanied the inventory, the following ex parte order, viz.:
“ In this case the presumptive .heir, here present and in the.city *1513 to the knowledge of the executor, his counsel and the court, not having been notified of the taking of the inventory herein as prescribed by law, the inventory taken on the 18th of July, 1895, is annulled and set aside; and it is now ordered that another inventory be taken in accordance with law,” etc.
His averment is, that in rendering said order the respondent exceeded his powers and acted with grave irregularity, to the great injury and- detriment of the succession. That the only heir of the decedent who is in the State is a minor of about the age of fourteen years, whose mother is living, but to whom no tutor or tutrix has been appointed, and that, on that account, she is incapable of receiving notice of the taking of an. inventory, and the law does not require the notary to do a vain thing. That, in any event, the presence of an heir at the taking of an inventory is not vital to the validity of the inventory, it being merely permissible for heirs to attend, and that the law does not denounce the act as null on that account.
Respondent returns, substantially, that his order was legal and that same was done in the interest of a minor heir who had no tutor and is under the protection of the court, especially when by the terms of the will, as in this case, the testamentary executor is constituted universal legatee to the prejudice of, the minor’s legitime.
All the papers in the mortuaria are brought up with the return and fairly exhibit the correctness and accuracy of petition and return. They show that the appraised value of the property only aggregates the sum of six hundred and eighty-four dollars, and this fact suggests the necessity of an economical administration.
While the granting of such an ex-parte order as the one complained of is somewhat unusual, and it may be of doubtful validity, yet, in our opinion, the rights and interests of all parties will be better conserved by the maintenance of the status quo than by the revocation and annulment of same.
The respondent acted in the interest of the minor heir, who was unrepresented, and for whom he stood in the relation of her next best friend; and we should feel very loath to change it if we could. Certain it is that it presents no appearance of the excess of power and grave irregularity of which the relator complains; consequently his application must be rejected. • ■
It is therefore ordered and decreed that the demands of the relator be rejected at his cost.